IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RUDOLPH ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. C2-07-1116 |
| v. ) | JUDGE SMITH |
| ) | Magistrate Judge King |
| OHIO STATE UNIVERSITY ) | |
| COLLEGE OF SOCIAL WORK, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **OPINION AND ORDER**

Plaintiff Rudolph Alexander brings this action against Defendants The Ohio State University, College of Social Work, Lawrence Lewellen, and William Meezan (collectively, "Defendants"). Plaintiff is seeking damages on federal and Ohio state law claims. Specifically, Plaintiff asserts he was discriminated against on the basis of his race, violating 42 U.S.C. § 2000 *et seq.*, retaliated against because of race discrimination charges he filed with the Ohio Civil Rights Commission, violating 42 U.S.C. § 2000 *et seq.*, that Defendants Ohio State University, College of Social Work, and Lewellen destroyed public documents violating Ohio Rev. Code Ann. § 149.351 (2008), and that Plaintiff's civil rights were violated under 42 U.S.C. § 1983.

Defendants have filed a Motion for Judgment on the Pleadings, moving for dismissal of Plaintiff's state law claim (Doc. 17). Defendants specifically move for dismissal of Plaintiff's destruction of public records claim under O.R.C. § 149.351. (Defs.' Mot. for J. on the Pleadings at 1). Plaintiff has filed a Memorandum Contra Defendants' Motion for Judgment on the Pleadings and a Motion to Sever Claims, pursuant to Fed. R. Civ. P. 21 (Doc. 22).

These motions are now ripe for review. For the reasons that follow, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings (Doc. 17), dismissing without prejudice Plaintiff's state law claim against Defendants, and **DENIES** as moot Plaintiff's Motion to Sever (Doc. 22).

## I. FACTS

This is an Opinion and Order on Defendants' Motion for Judgment on the Pleadings and Plaintiff's Motion to Sever its state law claims. This Court is limited to the well-pleaded facts contained in the pleadings.

Plaintiff is an African American individual citizen of the State of Ohio, employed by Defendant Ohio State University as a full professor. (Pl.'s Third Am. Compl. ¶ 1). The College of Social Work is a college within the Ohio State University. (*Id.* at ¶ 2). Defendants Ohio State University and College of Social Work are governmental units of the State of Ohio. (*Id.*) Defendant Lewellen is the Associate Vice President for Human Resources of the Ohio State University. (Answer ¶ 4). Meezan is the Dean of the College of Social Work. (Pl.'s Third Am. Compl. ¶ 4).

Defendant College of Social Work staff completed anonymous surveys in September 2006. (*Id.* at ¶ 29). In that same month, Plaintiff requested copies of the surveys pursuant to O.R.C. § 149.43. (*Id.* at ¶ 30). Defendant responded to Plaintiff's requests, although Plaintiff did not receive the records he requested. (*Id.* at ¶¶ 33–34; Answer ¶ 8). Plaintiff alleges that Lewellen admitted to deciding to destroy the records. (Pl.'s Third Am. Compl. ¶ 33). Plaintiff therefore claimed, among other federal violations, violations of Ohio's destruction of public records statute under O.R.C. § 149.351.

## II. STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." It is well settled that a court must review a Rule 12(c) motion under the same standard applicable to a Rule 12(b)(6) motion. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007) (post-*Bell Atlantic* case stating that Rule 12(b)(6) standard is the same as Rule 12(c) standard). Thus, under the United States Supreme Court's recent articulation of the standard, this Court must construe the complaint in favor of Plaintiff, accept the factual allegations contained in the amended complaint as true, and determine whether Plaintiff's factual allegations plausibly suggest viable claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (Dlott, J.) (post-*Bell Atlantic* case stating that Rule 12(c) standard is that the complaint must "'state a claim to relief that is plausible on its face'" (*quoting In re OSB Antitrust Litigation*, No. 06-826, 2007 U.S. Dist. LEXIS 56573, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). The claims must be plausible and not merely conceivable. *Bell Atlantic Corp.*, 127 S. Ct. at 1974.

The purpose of a motion under either rule is to test the sufficiency of the complaint. A complaint need not set down in detail all the particulars of a plaintiff's claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

When considering a motion for judgment on the pleadings, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Gindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). However, the Court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *Id.* The Court will, however, indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076–77 n.6 (6th Cir. 1972).

The Court will grant a motion for judgment on the pleadings if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Little v. UNUM Provident Corp.*, 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (Graham, J.) (*citing Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)).

### III. DISCUSSION

Two motions are pending before this Court: Defendants' Motion for Judgment on the Pleadings (Doc. 17), and Plaintiff's Motion to Sever (Doc. 22). The Court will first address Defendants' Motion for Judgment on the Pleadings and then turn to Plaintiff's Motion to Sever.

**A.      Defendants' Motion for Judgment on the Pleadings**

Defendants' Motion for Judgment on the Pleadings asks this Court to dismiss Plaintiff's state law claim, Plaintiff's Third Claim for Relief, asserted against Defendants Ohio State University, College of Social Work, and Lewellen, alleging violations of Ohio's destruction of public records statute, codified at O.R.C. § 149.351. Plaintiff's destruction of public records

4

claim is premised upon Defendants' alleged destruction of requested employee surveys. (Pl.'s Third Am. Compl. ¶¶ 29–35).

Defendants support their Motion by invoking the Eleventh Amendment of the United States Constitution as an absolute bar to Plaintiff's claim. (Defs.' Mot. for J. on the Pleadings at 2). Defendants further support their Motion with Ohio statutes that limit actions against state instrumentalities and state actors acting in their official capacities to Ohio's Courts of Claims. (*Id.*); *see* O.R.C. §§ 149.351(B), 9.86, 2743.02(F). In lieu of opposing Defendants' Motion for Judgment on the Pleadings, Plaintiff proposed severance of his state law claims under Fed. R. Civ. P. 21. (Pl.'s Mem. Contra Defs.' Second Mot. for J. on Pleadings/Pl.'s Mot. to Sever at 1). For the reasons that follow, the Court agrees with Defendants and **GRANTS** Defendants' Motion for Judgment on the Pleadings dismissing without prejudice Plaintiff's Third Claim for Relief.

Defendants' Motion for Judgment on the Pleadings poses a conflict between the federal doctrine of pendent jurisdiction codified in 28 U.S.C. § 1367 (2008), and the Eleventh Amendment of the United States Constitution. Pendent jurisdiction is a judge-made doctrine of efficiency and expediency, "derived from the Constitution's Article III language conferring power to hear all 'cases' arising under federal law." *Id.* at 120. It is, in other words, a "doctrine of discretion." *Hagans v. Lavine*, 415 U.S. 528 (1974). It is clear, however, that pendent jurisdiction does not "override the Eleventh Amendment." *Pennhurst St. Sch. & Hospital v. Halderman*, 465 U.S. 89, 121 (1983).

The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

5

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "Under current law, the Amendment is a bar to federal court jurisdiction whenever a private citizen attempts to sue a state." *Lawson v. Shelby Cty.*, 211 F.3d 331, 334, (6th Cir. 2000). The Eleventh Amendment is a limitation on the federal judiciary's exercise of its constitutional Article III power, partially embodied by pendent jurisdiction: "the entire judicial power granted by the Constitution does not embrace authority to entertain suit brought by private parties against a State without consent given." *Ex parte State of New York No. 1*, 256 U.S. 490, 497 (1921). As recently stated by this Court, "[t]he Eleventh Amendment proscribes suits in federal court against the state or any of its agencies or departments unless the state has given express consent, regardless of the relief sought." *Collins v. Dept. of Rehabilitation & Correction*, 2007 WL 2769592, *2 (S.D. Ohio Sept. 18, 2007) (Dlott, J.) (*citing Pennhurst*, 465 U.S. at 100). Furthermore, Eleventh Amendment "sovereign immunity applies not only to states themselves, but also to 'state agents and instrumentalities.'" *Beil v. Lake Erie Correction Records Dep't*, 2008 WL 2434738, *2 (6th Cir. June 13, 2008) (quoting *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)). This Court must therefore "examine each claim in a case to see if . . . jurisdiction over that claim is barred by the Eleventh Amendment." *Collins*, 2007 WL 2434738, at *2.

The pertinent claim before this Court is Plaintiff's destruction of public records claim under O.R.C. § 149.351. As a preliminary matter, Defendants Ohio State University and College of Social Work are state instrumentalities. *Hall v. Med. College of Ohio at Toledo*, 742 F.2d 299, 302 (6th Cir. 1984); *Bailey v. Ohio St. Univ.*, 487 F. Supp. 601, 604–06 (S.D. Ohio 1980) (Kinneary, J.) (explaining that Ohio State University is the alter-ego of the State of Ohio). The

6

State of Ohio has consented to be sued in Ohio's courts of claims. O.R.C. § 2743.02(A)(1) ("The state hereby waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the courts of claims created in this chapter . . . ."). Ohio has not, however, waived its immunity from suit in federal court. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985). Ohio's specific waiver of immunity in its courts of claims is not a proxy for waiving the State of Ohio's instrumentalities' Eleventh Amendment immunity from suit in federal courts. *Id.* (*citing Edelman v. Jordan*, 415 U.S. 651, 677 n. 19 (1974)). Accordingly, Defendants Ohio State University and College of Social Work are entitled to Eleventh Amendment immunity from suit before this Court.

With regard to Defendants Meezan and Lewellen, Plaintiff's Third Claim for Relief makes no allegation that such Defendants, acting in their individual capacities, violated Ohio's destruction of public records statute. Instead, Plaintiff supports its claims with allegations regarding conduct undertaken in Meezan's and Lewellen's official capacity.[1] Therefore, the real party in interest here is Defendant Ohio State University, a state instrumentality protected from suit in federal courts by the Constitution's Eleventh Amendment immunity.

Nonetheless, Ohio has not waived immunity from civil suits brought against state officers and employees in federal court. O.R.C. § 9.86 (2008). Section 9.86 states:

> No officer or employee shall be liable in any civil action that arises under the law of this State for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

---

[1] Plaintiff's Third Claim for Relief also makes no mention of Defendant Meezan. Plaintiff's Complaint reads: "[o]n or about November 21, 2006, OSU, CSW and Lewellen informed Plaintiff that the records requested had been destroyed. Lewellen indicated that it was his decision to destroy the records." (Pl.'s Third Am. Compl. at ¶ 33). Plaintiff continues in the next paragraph to allege that "Defendants" destroyed the records. (*Id.* at ¶ 34).

The Ohio Revised Code was amended in 1988 to give "exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to civil immunity under section 9.86 of the Revised Code" to Ohio's courts of claims. O.R.C. § 2743.02(F). Therefore, under Ohio law "state employees may not be sued unless and until it has been determined by the Court of Claims that they are not entitled to immunity." *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989).

The Sixth Circuit specifically accounted for a district court's exercise of pendent jurisdiction over an Ohio law claim involving state employee immunity in *Haynes*. The court concluded that Ohio provides its employees with immunity from suit, and

> [u]ntil the Ohio Court of Claims determines that they are not immune, there is no cause of action cognizable under Ohio law over which the district court can assert pendent jurisdiction. A federal court exercising pendent jurisdiction sits as a court of the forum state and is bound to apply its substantive law. (Citations omitted). Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee . . . the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86.

*Id.*

This Court therefore finds that Plaintiff has failed to state an individual Ohio law claim against either Defendant Meezan or Defendant Lewellen. For the foregoing reasons, this Court **GRANTS** Defendants' Motion for Judgment on the Pleadings, dismissing without prejudice Plaintiff's state law claim, as pled in Plaintiff's Third Claim for Relief.

**B.     Plaintiff's Motion to Sever**

Plaintiff, rather than opposing Defendant's Motion for Judgment on the Pleadings, filed a Motion to Sever, pursuant to Fed. R. Civ. P. 21 (Rule 21), Plaintiff's O.R.C. § 149.351 claim against Defendants. (Pl.'s Mem. Contra Defs.' Second Mot. J. Pleadings/ Pl.'s Mot. to Sever at

8

1). Based on the foregoing discussion and grant of Defendants' Motion for Judgment on the Pleadings, dismissing without prejudice Plaintiff's state law claims, Plaintiff's Motion to Sever its state law claims is rendered moot.

## IV. DISPOSITION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings, dismissing Plaintiff's Third Claim for Relief for violations of Ohio's destruction of public records statute and **DENIES** as moot Plaintiff's Motion to Sever. This case remains pending as to Plaintiff's First, Second, and Fourth Claims.

The Clerk shall remove Documents 17 and 22 from the Court's pending motions list.

**IT IS SO ORDERED.**

               **/s/ George C. Smith**
               **GEORGE C. SMITH, JUDGE**
               **UNITED STATES DISTRICT COURT**